## CATHARINE MORGAN et al. *v.* WILLIAM MORGAN.

1. EVIDENCE: PAROL: ADMISSIBLE WHEN.—If a motion be made to quash a writ of *replevin*, upon the ground that the preliminary affidavit required by the State was not made and filed, it is competent for the plaintiff to show, by parol evidence, that a sufficient affidavit was in fact made and filed, and that it has been lost or mislaid.

2. ERROR: IMMATERIAL ACTION OF THE COURT NOT ASSIGNABLE AS ERROR.—If the action of the court be immaterial, and not affecting the rights of either party, it cannot be assigned as error; hence, if the court either sustain or overrule a motion to quash an *alias* writ of *replevin*, a former one having been issued and regularly executed, and the property replevied by the defendants giving bond and security as the law directs, it will not be erroneous, as the *alias* writ was useless and unnecessary, and incapable of affecting the rights of the parties.

IN error from the Circuit Court of Noxuba county. Hon. John E. M'Nair, judge.

*Jarnagin* and *Jones*, for plaintiff in error.

*George L. Potter*, for defendant in error.

PER CURIAM.—This was an action of replevin brought in the Circuit Court of Noxuba county.

The defendants below moved to quash the writ because no affidavit, as required by the statute, appeared on file among the papers in the case. The plaintiff introduced parol evidence to show that the affidavit was duly made and filed, and that it had

been lost or mislaid. The preliminary showing was in other respects sufficient to admit the introduction of secondary evidence —if it could be admitted in such case—which we think could be done; and that the court committed no error in receiving the evidence and overruling the motion.

It was next moved to quash an *alias* writ, which had been issued in the case, on the ground that no such writ could be issued in an action of replevin. The first writ appears to have been duly executed, and the property replevied under it; the *alias* writ, whether it could legally issue or not, was simply useless; and the motion might have been either sustained or overruled, as no injury could accrue under either view of the question.

We find no error in the verdict or judgment on the merits.

Judgment affirmed.